UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

IN RE:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION,
et al.,

    Debtors.
_____/

Case No. 5:13-cv-50-WTH
Case No. 3:09-bk-7047-JAF
(Jointly Administered Under Chapter 11)
In the Bankruptcy Court

SANDY SMITH, LARRY W. STOUT,
TAMMY STOUT, JONI COX-TANNER,
CHARLES TANNER, MICHAEL ELLIOTT,
DIANNA L. ELLIOTT, JAY D. OYLER,
LINDA BACON, DJUANA REED,
DARLENE GORRELL, JEFF GORRELL
and JOHN CRAIN,

    Plaintiffs/Appellants,
-vs-

Adversary No. 3:12-ap-109-JAF

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION, et al.,

    Debtors/Defendants/Appellees.
_____/

## MEMORANDUM OPINION

This is an appeal from an Order entered by the Bankruptcy Court, dismissing with prejudice, complaints filed by the Appellants in adversarial proceedings against the Debtors. Jurisdiction of the appeal to this court is established by 28 U.S.C. § 158(a)(1). The Appellants, as they did in the Bankruptcy Court, are acting *pro se*.

The record is murky at best concerning all of the background events leading up to the entry of the order on appeal. Still, the basic facts that can be discerned from

the record, the briefs and the pertinent orders of the Bankruptcy Court[1] are sufficient to clearly point the way to the correct result. The Bankruptcy Court should, and will be, Affirmed.[2]

The Appellants have filed six substantially identical briefs (Docs. 15-20) and six substantially identical reply briefs (Docs. 22-27) all of which purport to describe at length wrongful transactions and alleged violations of the law by the Debtors/Appellees and its officers, but not one word is said nor argument made to demonstrate any error committed by the Bankruptcy Court in the order being appealed. Nor, on the basis of independent *de novo* examination, can this court find any error in the order being appealed as "clarified" and explained in the Bankruptcy Court's subsequent order of April 5, 2012. On the contrary, the Bankruptcy Court was correct.

AFFIRMED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 11th day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy, Courtroom Deputy

---

[1]   Attached for ease of reference are copies of (1) the order on appeal, entered by the Bankruptcy Court on February 24, 2012; and (2) a subsequent Order entered by the Bankruptcy Court on April 5, 2012, granting motions by the Appellants for clarification of the Order of February 24, 2012.

[2]   The Court has also determined for the same reasons that the decisional process would not be significantly aided by oral argument. Rule 34(a)(2)(C), Federal Rules of Appellate Procedure. See also Rule 3.01(j), M. D. Fla. Rules.

ATTACHMENT ONE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION, et al.,

      CASE NO.: 3:09-bk-7047-JAF
      (Jointly Administered Under Chapter 11)

Debtors.
_____/

SANDY SMITH, LARRY W. STOUT,
TAMMY STOUT, JONI COX-TANNER,
CHARLES TANNER, MICHAEL ELLIOTT,
DIANNA L. ELLIOTT, JAY D. OYLER,
LINDA BACON, KATINA DURAN,
DJUANA REED, DARLENE GORRELL,
and JEFF GORRELL,

Plaintiffs,

v.

Adversary No.: 3:12-ap-109-JAF

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION, et al.,

Debtors/Defendants.
_____/

## ORDER DISMISSING PLAINTIFFS' COMPLAINTS *SUA SPONTE*

This proceeding is before the Court, *sua sponte*, on Plaintiffs' complaints (Docs. 1, 4, 5, 6, 8, 9, 10, 13, the "Complaints"). By way of background, Plaintiffs initiated a substantially similar adversary proceeding in relation to the underlying bankruptcy case (3:09-bk-7047-JAF) by filing a purported class action complaint on June 21, 2011 against Debtor Taylor, Bean & Whitaker (3:11-ap-326-JAF [Doc. 1]). On October 24, 2011, the Court entered an order granting Taylor, Bean & Whitaker's motion to dismiss the class action complaint without prejudice to Plaintiffs filing

individual complaints by November 23, 2011 (3:11-ap-326-JAF [Doc. 25]).[1]

On February 17, 2012, however, the Court found Plaintiffs were enjoined from continuing the action by the express provisions of the Confirmed Plan of Liquidation (3:11-ap-326-JAF [Doc. 86]);[2] *see also* 3:09-bk-7047-JAF [Doc. 3420 at 30-32, Confirmed Plan of Liquidation]). In accordance therewith, the Court dismissed the proceeding with prejudice (3:11-ap-326-JAF [Doc. 86]).

Upon review of the instant Complaints, the Court likewise finds Plaintiffs are enjoined from bringing this action pursuant to the express terms of the Confirmed Plan of Liquidation (*see* 3:09-bk-7047-JAF [Doc. 3420 at 30-32]).

Based on the foregoing, it is **ORDERED**:

1. Plaintiffs' Complaints (Docs. 1, 4, 5, 6, 8, 9, 10, 13) are dismissed with prejudice.

2. Plaintiffs are foreclosed from bringing any more actions against the Debtors.

3. Any further pleadings filed by Plaintiffs shall be signed by an attorney who is admitted to practice in this Court. Any pleadings which do not comport with this requirement may be stricken.

---

[1] The Court's October 24, 2011 Order (3:11-ap-326-JAF [Doc. 25]) is incorporated herein by reference.

[2] The Court's February 17, 2012 Order (3:11-ap-326-JAF [Doc. 86]) is incorporated herein by reference.

4. In accordance with the language of the Confirmed Plan of Liquidation (3:09-bk-7047-JAF [Doc. 3420 at 30-32]), this Order does <u>not</u> prohibit Plaintiffs from, *inter alia*: (i) asserting legally cognizable foreclosure defenses in any state court foreclosure actions, if any; (ii) prohibit Plaintiffs from asserting claims, in an appropriate forum that has jurisdiction, against former Taylor, Bean & Whitaker officers or employees who were convicted of wrongdoing;[3] or (iii) prohibit a holder of a disputed claim from seeking to have any such disputed claim declared an allowed claim and paid in accordance with the distribution provisions of the Confirmed Plan of Liquidation.

DATED this 24th day of February, 2012 in Jacksonville, Florida.

*[signature]*

JERRY A. FUNK
United States Bankruptcy Judge

**Copies to:**

*Pro Se* Plaintiffs

---

[3] Plaintiffs are advised that this Court is not such a forum.

ATTACHMENT TWO

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION, et al.,

    Debtors.

CASE NO.: 3:09-bk-7047-JAF
(Jointly Administered Under Chapter 11)

_____/

SANDY SMITH, LARRY W. STOUT,
TAMMY STOUT, JONI COX-TANNER,
CHARLES TANNER, MICHAEL ELLIOTT,
DIANNA L. ELLIOTT, JAY D. OYLER,
LINDA BACON, KATINA DURAN,
DJUANA REED, DARLENE GORRELL,
and JEFF GORRELL,

    Plaintiffs,

v.

Adversary No.: 3:12-ap-109-JAF

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION, et al.,

    Debtors/Defendants.

_____/

## ORDER GRANTING MOTIONS TO CLARIFY THE COURT'S FEBRUARY 24, 2012 ORDER DISMISSING PLAINTIFFS' COMPLAINTS *SUA SPONTE*

This proceeding is before the Court on Plaintiffs' Motions for Clarification of the Court's February 24, 2012 Order Dismissing Plaintiffs' Complaints *Sua Sponte* (Docs. 17, 18, 19, 20, 21, 22, 23, 24, Motions; *see also* Doc. 14, Order; Docs. 1, 4, 5, 6, 8, 9, 10, 13 the "Complaints").[1]

By way of background, Plaintiffs initiated a substantially similar adversary proceeding in relation to the underlying bankruptcy case (3:09-bk-7047-JAF) by filing, *pro se*, a purported class

---

[1] While Plaintiffs do not provide any particular rule upon which the Motions rest, the Court construes the documents as being filed pursuant to Rule 60 of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

action complaint on June 21, 2011 against Debtor Taylor, Bean & Whitaker (3:11-ap-326-JAF [Doc. 1]). On October 24, 2011, the Court entered an order granting Taylor, Bean & Whitaker's motion to dismiss the class action complaint without prejudice to Plaintiffs filing individual complaints by November 23, 2011 (3:11-ap-326-JAF [Doc. 25]).[2] This Order noted that *pro se* litigants may not represent a class. *See Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005). The Court explained that one of the rationales behind this rule is the requirement that the representative party fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "The ability to protect the interests of the class depends, in part, on the quality of counsel, and the competence of a layperson representing himself is considered too limited to allow him to risk the rights of others." *Wesley v. U.S. Dist. Ct. for the S. Dist. of Fla.*, No. 09-23090-CIV, 2009 WL 3617814, *1 (S.D. Fla. Oct. 29, 2009) (citing *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973)).

Subsequently, Plaintiffs timely filed their respective Amended Complaints (3:11-ap-326-JAF [Docs. 52, 53, 54, 55, 56, 57, 58, 59]).[3] Upon further review of the matter, however, the Court determined Plaintiffs were enjoined from continuing the action by the express provisions of the Confirmed Plan of Liquidation (3:11-ap-326-JAF [Doc. 86 at 2]; *see also*, 3:09-bk-7047-JAF [Doc. 3420 at 30-32, Confirmed Plan of Liquidation]). Based on the foregoing, the Court dismissed Plaintiffs' Amended Complaints with prejudice (3:11-ap-326-JAF [Doc. 86]).

Upon review of the instant Complaints, the Court likewise found Plaintiffs were enjoined from bringing this action pursuant to the express terms of the Confirmed Plan of Liquidation (Doc. 14 at 2; *see also* 3:09-bk-7047-JAF [Doc. 3420 at 30-32, Confirmed Plain of Liquidation]). In addition, the Confirmed Plan of Liquidation provides:

---

[2] The Court's October 24, 2011 Order (3:11-ap-326-JAF [Doc. 25]) is incorporated herein by reference.

[3] The Court would note that, in the Amended Complaints, Plaintiffs continued to assert as the basis for the Court's jurisdiction a class action under 28 U.S.C. § 1332(d) (*see, e.g.*, 3:11-ap-326-JAF [Doc. 52 at 3]).

2

> Any Person injured by any willful violation of such injunction [*supra*] may recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from the willful violator.

(3:09-bk-7047-JAF [Doc. 3420 at 31, ¶ 56]).

Based on the foregoing, the Court dismissed Plaintiffs' Complaints with prejudice (Doc. 14 at 2). The Order dismissing Plaintiffs' Complaints stated Plaintiffs were foreclosed from bringing any more actions against Defendants (Doc. 14 at 2). Additionally, the Order provided that "[a]ny further **pleadings** filed by Plaintiffs in this case shall be signed by an attorney who is admitted to practice in this Court. Any pleadings which do not comport with this requirement may be stricken" (Doc. 14 at 2) (*emphasis added*).

Finally, the Order provided that, in accordance with the language of the Confirmed Plan of Liquidation (3:09-bk-7047-JAF [Doc. 3420 at 30-32]), Plaintiffs are not prohibited from, *inter alia*: (i) asserting legally cognizable foreclosure defenses in any state court foreclosure actions, if any; (ii) asserting claims, in an appropriate forum that has jurisdiction, against former Taylor, Bean & Whitaker officers or employees who were convicted of wrongdoing; or (iii) seeking to have any disputed claim declared an allowed claim and paid in accordance with the distribution provisions of the Confirmed Plan of Liquidation (Doc. 14 at 3).

With respect to Plaintiffs' Motions, the Court would initially note that a "pleading" is defined by the Federal Rules of Civil Procedure as a complaint; an answer to a complaint, counterclaim, or cross-claim; a third-party complaint; an answer to a third-party complaint; and, if the court so orders, a reply to an answer. Fed. R. Civ. P. 7(a). Motions or other papers are not considered pleadings. Fed. R. Civ. P. 7(b). Consequently, the Court did not limit Plaintiffs with respect to filing any appropriate motion(s) or other papers with the Court on a *pro se* basis (*see* Doc. 14 at 2). In the

Order, the Court further noted that Plaintiffs may continue to seek to have any disputed claim declared an allowed claim and paid in accordance with the distribution provisions of the Confirmed Plan of Liquidation (Doc. 14 at 3).

To reiterate, Plaintiffs may file documents with the Court on a *pro se* basis; however, pursuant to the terms of the Confirmed Plan of Liquidation, any pleadings filed by them may be stricken by the Court. The Court's statement that Plaintiffs may only file future pleadings (*i.e.*, complaints) in this matter *via* legal counsel was made in an effort to curb a potential burden on the Court's resources if Plaintiffs were to continue filing pleadings that are clearly prohibited by the express provisions of the Confirmed Plan of Liquidation.

The Confirmed Plan of Liquidation, by which Plaintiffs are bound, additionally provides that any person injured by any willful violation of the injunction, *supra*, may recover damages, including costs and attorneys' fees, and, in appropriate circumstances, may even recover punitive damages from the willful violator (3:09-bk-7047-JAF [Doc. 3420 at 31, ¶ 56]). By seeking legal counsel prior to filing any future complaints against Defendants, Plaintiffs may be able to avoid engaging in a willful violation of the subject injunction.

Based on the foregoing, it is **ORDERED**:

Plaintiffs' Motions for Clarification of the Court's February 24, 2012 Order Dismissing Plaintiffs' Complaints *Sua Sponte* (Docs. 17, 18, 19, 20, 21, 22, 23, 24) are granted as provided herein.

DATED this 5th day of April, 2012 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies to: *Pro Se* Plaintiffs

4